IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|               Plaintiff,      ) | |
| -vs-      ) | Case No. CR-21-271-001-F |
| DUSTIN MICHAEL BUTLER,      ) | |
|               Defendant.      ) | |

### ORDER

Defendant Dustin Michael Butler, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines (U.S.S.G.).[1] Doc. no. 54. Upon review, the court concludes that no response from plaintiff United States of America is required.

On March 16, 2022, defendant, pursuant to a plea agreement, pleaded guilty to Count 2 of the Indictment, charging possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Subsequently, the Probation Office prepared a final presentence investigation report, which calculated a base offense level of 18. Defendant then received a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12 years; a four-

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4)(B) because the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence, or (B) sexual abuse or exploitation of an infant or toddler; a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service for the possession, receipt, or for accessing with intent to view the material; and a five-level enhancement under U.S.S.G. §2G2.2(b)(7)(D) because the offense involved 600 or more images, resulting in an adjusted offense level of 31.  After applying a three-level adjustment pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 28.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I.  With a total offense level of 28 and a criminal history category of I, defendant's guideline imprisonment range was 78 months to 97 months.

At sentencing, the court adopted the presentence investigation report without change.  The court varied downward and sentenced defendant to a term of imprisonment of 60 months and a term of supervised release of five years.  Judgment was entered on July 14, 2023.  Defendant did not file a direct appeal.

In his motion, defendant asserts that his sentence should be reduced based upon Amendment 821 (Part B, Subpart 1), effective November 1, 2023, because he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case

the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of defendant's motion, the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 56), and the record, the court concludes that defendant is not eligible for a sentence reduction. While defendant has a criminal history score of zero, he does not qualify for an adjustment because he does not satisfy all ten criteria of U.S.S.G. § 4C1.1(a). Specifically, he does not satisfy all ten criteria because his offense qualifies as a sex offense. *See*, U.S.S.G. § 4C1.1(a)(5) ("the instant offense of conviction is not a sex offense"). Although defendant argues to the contrary, based on the definition of "sex offense" as "an offense, *perpetrated against a minor*, under . . . chapter 110 of title 18, not including a recordkeeping offense," *see*, U.S.S.G. § 4C1.1(b)(2) (Nov. 2023) (emphasis added), the court concludes that his offense is a sex offense for the reasons stated in United States v. Khan, Case No. 2:12-cr-02901-MIS-KBM, ___ F. Supp. 3d ___, 2024 WL 3617545, at **7-9 (D.N.M. Aug.

1, 2024).² Thus, because defendant's offense qualifies as a sex offense, defendant is not eligible for a sentence reduction.

In addition, defendant was sentenced by the court to 60 months' imprisonment. Even if defendant's total offense level were reduced by two points from 28 to 26, defendant's amended guideline imprisonment range would be 63 to 78 months. Under U.S.S.G. § 1B1.10(b)(2)(A) and (B), the court may not reduce the defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless defendant's term of imprisonment resulted from a government motion to reflect substantial assistance. Defendant's term of imprisonment of 60 months is less than the minimum of the amended guideline range of 63 to 78 months and it did not result from a government motion to reflect substantial assistance. Consequently, the court may not reduce defendant's sentence of 60 months under § 3582(c)(2) because it would not be consistent with the Sentencing Commission's applicable policy statements.

Accordingly, defendant Dustin Michael Butler's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines (doc. no. 54) is **DISMISSED**.

IT IS SO ORDERED this 28th day of January, 2025.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0271p014.docx

---

² The court notes that U.S.S.G. § 4C1.1(b)(2) was recently amended to exclude the language "perpetrated against a minor." *Compare*, U.S.S.G. § 4C1.1(b)(2) (Nov. 2023) and U.S.S.G. § 4C1.1(b)(2) (Nov. 2024). However, the court applies the original language of § 4C1.1(b)(2) since that is the language used in Amendment 821. *See*, *e.g.*, United States v. Morales, 122 F.4th 590, 596 n. 5 (5th Cir. 2024) (applying the original language of U.S.S.G. § 4C1.1(a)(10)).